**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VIACHESLAV IVANOV, *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>　v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>　　　　*Defendants*. | Civil Action No. 26-00915 (AHA) |
| VIKTORIIA CHERSAK, *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>　v.<br><br>DEPARTMENT OF STATE, *et al.*,<br><br>　　　　*Defendants*. | Civil Action No. 26-00968 (AHA) |

## Order

The plaintiffs in these two cases filed notices that their suits were related to ones pending before the undersigned, causing their cases to be directly assigned instead of being assigned through the usual process of random assignment. In particular, the plaintiffs in *Ivanov v. Trump*, No. 26-cv-915, noticed their case as related to *Storie v. Trump*, No. 26-cv-567, which had previously been randomly assigned to the undersigned, and the plaintiffs in *Chersak v. Department of State*, No. 26-cv-968, then noticed their case as related to *Ivanov*. The defendants objected to relatedness in both instances. In light of the plaintiffs' motions for preliminary relief in both cases, the court ordered the parties in each case to confer and propose schedules for further briefing, and adopted schedules for consolidated merits briefing. Having now considered the parties'

submissions on relatedness, the court agrees with the defendants that the cases must be randomly assigned.

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *United States v. Volvo Constr. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013) (quoting *Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000)). "The fundamental rationale of random assignment is to ensure greater public confidence in the integrity of the judicial process by guaranteeing fair and equal distribution of cases to all judges, avoiding public perception or appearance of favoritism in assignments, and reducing opportunities for judge-shopping." *Id.* (cleaned up). Related cases are an exception to this general rule, created "in the interests of judicial economy." *Id.* Civil cases "are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." Local Civ. R. 40.5(a)(3). "The party requesting related-case designation and seeking to avoid random assignment bears the burden of showing that the cases are related." *Volvo Constr. Equip. AB*, 922 F. Supp. 2d at 68 (quoting *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010)).

The overlap between these cases and *Storie* does not warrant displacement of the general rule of random assignment. In *Storie*, a large group of individual plaintiffs allege they applied for family- and employment-based visas, and that the defendants have paused the issuance of visas for applicants from 75 countries, in violation of statutory mandates applicable to those visas. Complaint, *Storie v. Trump*, No. 26-cv-567 (D.D.C. Feb. 19, 2026), ECF No. 1. In *Ivanov*, a different group of individual plaintiffs who have been selected for the diversity visa program allege that a general pause on issuance and adjustment of status for diversity visas, as well as the same

75-country pause on visa issuance, violate statutory mandates applicable to that program. *Ivanov*, ECF No. 1.

The *Ivanov* plaintiffs argue that their case is related to *Storie* because both cases implicate the government's 75-country pause on visa issuances. *See Ivanov*, ECF No. 14 at 2–4. But that is not enough to show the cases have the requisite "common issues of fact" or "grow out of the same event or transaction" to overcome random assignment. Local Civ. R. 40.5(a)(3). *Ivanov* and *Storie* involve distinct sets of plaintiffs, who have applied for different immigration benefits, each of which is governed by a statutory and regulatory regime. The plaintiffs' entitlement to relief in those cases may turn on the individual facts of the plaintiffs involved, including, for instance, whether the plaintiffs' specific circumstances amount to irreparable injury justifying the relief sought. So too will the viability of their claims depend on the application of the laws governing each immigration program to the defendants' actions. While it is true that *Ivanov* includes a challenge to the same 75-country pause challenged in *Storie*, the claims in *Ivanov* challenge the legality of that action as applied to the plaintiffs' selection for the diversity visa program. The court accordingly concludes that any overlap that exists between *Ivanov* and *Storie* does not outweigh this district's interest in "guaranteeing fair and equal distribution of cases to all judges, avoiding public perception or appearance of favoritism in assignments, and reducing opportunities for judge-shopping." *Volvo Constr. Equip. AB*, 922 F. Supp. 2d at 68 (cleaned up). The same is true of *Chersak*, which, like *Ivanov*, challenges the application of the 75-country visa pause to diversity visa program selectees, and was directly assigned to the undersigned based on relation to *Ivanov*. *See Chersak*, ECF No. 12.

The court notes that several other cases have been filed challenging the 75-country visa pause across the country, including multiple others in this district. *See, e.g.*, Complaint, *Masood v.*

*U.S. Dept. of State*, No. 26-cv-857 (D.D.C. Mar. 11, 2026), ECF No. 1; Amended Complaint, *Zand v. Rubio*, No. 25-cv-4023 (D.D.C. Mar. 12, 2026), ECF No. 6; Complaint, *Catholic Legal Immigr. Network, Inc v. Rubio*, No. 26-cv-858 (S.D.N.Y. Feb. 3, 2026), ECF No. 12; *Sangster v. Rubio*, No. 25-cv-447, 2026 WL 222316 (D. Nev. Jan. 28, 2026); Amended Complaint, *Ullah v. LaFave*, No. 25-cv-12804 (D. Mass. Feb. 16, 2026), ECF No. 14. Indeed, at least one case in this district challenging the 75-country pause preceded *Storie*, so if the plaintiffs were correct that all such challenges are related, that would not counsel in favor of direct assignment to the undersigned. *See* Complaint, *Fedarovich v. Sec'y of State*, No. 26-cv-329 (D.D.C. Jan. 29, 2026), ECF No. 1; Local Civ. R. 40.5(c)(1) (specifying that related cases are assigned to the judge with the oldest related case).

The clerk of court shall transfer *Ivanov v. Trump*, No. 26-cv-915, and *Chersak v. Department of State*, No. 26-cv-968, to the calendar and case management committee for reassignment. The court leaves determination of whether those two cases are related to the committee or the assigned judge, as the committee deems appropriate.

AMIR H. ALI
United States District Judge

Date:   April 20, 2026

4